Case number 132513 United States of America v. Jose Sierra Villegas Arguments not to exceed 15 minutes per side. Mr. Gronzick for the appellant.  All right. Jose Sierra Villegas is entitled to a new trial because the district court did not allow him to confront the key confidential informant in this case and fully explore that witness's potential testimony and knowledge about this case. This created a fundamental defect in the trial itself that amounted to more than harmless error. As this court is aware, we briefed several issues on appeal. I'd like to rest on our briefs with regard to the sentencing issues and focus the court's attention primarily on the issue of this confidential informant and his effect on the trial. As this court is aware from the record below, we filed a motion for a subpoena for the confidential informant and expected him to testify. Paragraph 4 of that motion set forth at length the reasons for we needed the confidential informant's testimony. He was a member of the alleged criminal conspiracy. He had a business relationship with Mr. Sierra Villegas. He had social relationships with Mr. Sierra Villegas, which drew the defendant to Michigan. And critically, we knew at that point that the prosecution intended to play a recording of a phone conversation between Mr. Sierra Villegas and the confidential informant at trial. So, counsel, what critical piece of evidence do you aver that the confidential informant would testify to that had substantial bearing on the case? And I understand that he didn't testify, but, you know, there was all of this probacols and other evidence that was surfaced or other means. So what's the big defect that the confidential informant would have filled in? Had we been able to call the confidential informant, Your Honor, he would have been able to testify as to the recording that played at trial. All we heard at trial was the government's witnesses' interpretation of that phone call, their take on it, essentially. Had the confidential informant been able to testify, we feel we would have been able to undermine that phone call. We would have been able to show that it wasn't what the government was alleging that it was. But your client's counsel had ample opportunity to cross-examine the government witnesses who testified about the call. I understand that it wasn't the confidential informant, but they had an opportunity to sort of cast some doubt or create some doubt regarding that call through that cross-examination, couldn't they? Didn't they? That's true, Your Honor. And the government certainly had other evidence against Mr. Sierra Villegas, but most of that evidence was circumstantial. And we feel that had we been able to call the confidential informant, a key factor that played into undermining Mr. Sierra Villegas' credibility and played into his sentencing decisions was his inability to explain why he was in the state of Michigan, for one thing, why he had come up here from Kansas City, Missouri. The confidential informant would have played into that. Had he been able to testify, Mr. Sierra Villegas would have been able to... What would he have said that would have helped your client? I mean, he was a confidential informant. He had already told the government all kinds of inculpatory things about your client. That's true, Your Honor. I mean, you didn't expect him to get on the stand and say, this has all been a terrible mistake. We expected him to give some testimony that we felt would raise some reasonable doubt. What was that? We expected him to corroborate Mr. Sierra Villegas' reasons for being in the state of Michigan. We expected to be able to get into his motivations and get into what was... The confidential informant, get into what was going on during that phone call. During that phone call, only the confidential informant used what the government alleged was drug lingo, presidents for money and workers for crystal methamphetamine. But if he had said what you wanted him to say, he would have been backing up on the information that he gave the government. Completely unlikely he was going to do that. We believe we would have been able to explore that more fully. We believe we would have been able to extract a better picture of what was going on in that phone call. Even though you believe that that's what would have occurred, how do you argue that your desire to get this information, which would have been, as Judge Daugherty said, minimally helpful, how does that overcome the obligation of the court to balance those issues about calling an informant and protecting confidentiality and all of that? Because I think the government said, in terms of surfacing the identity of this confidential informant, put that person at great harm, potentially, because they are being a witness in a major drug conspiracy. And the court has to balance that, do they not? And what is it about this situation that tips that balance such that the court should have allowed him to be called? Two things, Your Honor. First, the testimony of the government's own witnesses revealed the identity of the confidential informant. We already knew who he was before trial, as is apparent from our attempts to subpoena him. But the testimony of Detective Trooper Anaya at trial, without a doubt, revealed who he was. The district court itself noted that. And second, the privilege was waived by his revelation. Everybody knew who he was. And furthermore, Mr. Sierra-Vegas, it was outweighed by Mr. Sierra-Vegas' need to subpoena that witness, to call his testimony, to present his best defense. So for both reasons, Mr. Sierra-Vegas' need for the witness outweighed the government's qualified privilege. It's a qualified privilege, Your Honor. And the government raises some nebulous safety concerns with regard to the confidential informant. But these safety concerns amount to Internet sites called whoserat.com is one thing. There's nothing specific that the government has identified with regard to this confidential informant. Mr. Sierra-Vegas had a zero criminal history score. He's not a violent man. All of his co-defendants are in jail. There's no specific identifiable threat to this confidential informant that's out there. That's not necessary for the privilege to apply, is it? That's true, Your Honor. That's true. But if this vague characterization of threats lurking out there on the Internet was enough to sustain the privilege, no confidential informant could ever, ever be identified. And that's clearly not the rule that the Sixth Circle officers... No, but the idea that my colleagues have been suggesting is that you've got to show something stronger than what you've shown, and it's up to the district court to make that balance. So if we were to affirm, that wouldn't lead to the conclusion that you say that there could never be disclosure. There might be disclosure if it was really necessary or it looked like some useful information or some information helping the defendant would come out, right? It's our contention that there is some useful information. No, I understand that, and that's a fair contention. I'm just questioning your statement that if we rule against you, it would mean that no confidential informant would ever be identified. That's not true, is it? Well, I think it is, Your Honor. The prosecution has offered, the government offered nothing to suggest that there's a threat. They don't have to suggest that there's a threat is what they're suggesting if there's not, if the judge determines that there's not much that would be gained from this testimony. It's a balancing. It is a balancing. It's a balancing where there's not much here and there's not much here. When there's not much here and not much here, if the judge balances one way, normally we would defer that. But that's not to say that it will never balance differently if there is something here and not much here. There is a balancing, Your Honor. You're definitely correct there. But what I'm arguing here is that Mr. Sierra-Vegas' need outweighed the vague characterization of a threat that the government offered on appeal. That's fair. Thank you. The government argues in its briefing that certain evidentiary rules and the confrontation clause don't apply to the confidential informant, in particular with regard to this recorded phone call, because the confidential informant's statements on his half of the phone call were only offered for context, essentially, is the argument. I don't think that's the case here. As I mentioned before, these statements are more than mere context. These statements, only the confidential informant is making the incriminating statements. They're being offered only by the confidential informant. That's more than context. That's essentially putting words in Mr. Sierra-Vegas' mouth. And one of the cases cited by the government goes on to say, we have to be vigilant that the government does not seek to admit, based on context, statements that are, in fact, being offered for their truth. That's in right. And I believe that's what the government has done here. They've offered the confidential informant statements on his half of the phone call for their truth, the truth that half of the conversation is allegedly about drugs, and that's simply not the case, and it undermines the government's position there. Had the confidential informant been able to testify, we believe it would have created reasonable doubt in the minds of the jurors. It amounts to more than harmless error. It amounts to a fundamental error in the trial that undermines the jury's verdict against Mr. Sierra-Vegas. As to the issue of harmless error, the government cites Francesco, but that case is an opposite here. There, the district court permitted identification, and the confidential informant appeared and testified. So, of course, the error there was harmless. Here, we didn't have that opportunity. We didn't have the opportunity to get the confidential informant on the stand, pick his brain, get his knowledge, and that's why I believe the verdict against Mr. Sierra-Vegas should be vacated. Thank you very much. Thank you, Mr. Ponce. Good morning. Good morning. My name is John Bruja. I'm an assistant United States attorney and the attorney who tried this case. You were the attorney who tried it? Yes. The defense has two major problems in this case on the issue of the confidential informant. The first problem is that the defense acknowledged in the district court that they did not expect to get any exculpatory testimony from the informant, and that's at page 2689 and 90 of the record. That was just during the hearing on the motion to disclose the confidential informant and prior to the district court's ruling on the motion. The second major problem that they have is that- Do we rely on that? Does that sort of set up a 2255? What's that, Your Honor? We rely on the lawyer's failure to make that argument. Doesn't that set up an ineffective assistance of counsel? No, because I think they were just being honest that they did not, and as Judge Daughtry, I think, pointed out, there's nothing in the record that the defense can point to that the confidential informant would have provided any helpful or exculpatory testimony to the defense. That is entirely speculative on their part, and contrary to logic, there's nothing to indicate that the informant would have been helpful at all to the defense. The second major problem here is that the defense told the court, prior to the court making its ruling, that they had abandoned their attempt to even serve the confidential informant. So even before the court made its ruling, the defense had given up on even trying to subpoena and call the confidential informant. So they can hardly claim that they were denied their right to confront and impeach this confidential informant. They basically admitted to the district court that what they really wanted to do is just impeach the confidential informant, but as the district court pointed out, there was nothing to impeach because the informant had not given any substantive evidence and they have no right to impeach or confront a non-witness. So the district court did exactly what it was required to do in this case. It waived the very weak claim on the part of the defense that they somehow needed to call this informant versus the government's strong interest in protecting the informants from public disclosure in this manner and protecting potential harassment and harm to confidential informants. The district court conducted that balance and correctly held in our view that balance did not favor disclosure of the confidential informant. This case is very similar to a case decided by a panel of this court last year in the Bost case. I believe Judge Donald was a member of the panel that decided that case. In that case, the defendant knew the identity of the confidential informant, had actually subpoenaed the confidential informant, wanted to call the confidential informant to support an entrapment defense. The district court did not feel that they had established a sufficient need for that and denied disclosure, and that was found not to be an abuse of discretion. I submit that Mr. Villegas has even less of an argument in this case for disclosure of the confidential informant. I think we understand your position. Thank you. Thank you, counsel. Rebuttal. Three very brief points, Your Honors. One, with regard to impeachment, I feel that's a little bit of a strongman. We wanted to call the confidential informant for more than mere impeachment, as I explained earlier. Second, with regard to the abandoned attempt to serve us, pending the district court's hearing on the government's motion, we had indeed stopped trying to serve the defendant for now. At the time, he was doing everything he could to evade service, but we hadn't withdrawn our opposition to the government's motion. By no means had we abandoned our desire to call him entirely. But you did say at one point that all you wanted it for was impeachment. I believe that's true, but that's not what we stated in our motion for the subpoena. We laid out the reasons there. It was just what was stated in open court. I believe that's true, Your Honor. And finally, the burden is on the government here to show that the error was harmless, that no substantial rights of Mr. Sierra-Vegas were affected by the district court's error, and the government has not done that here. Thank you, Your Honors. Thank you, Counsel. Mr. Gronzek, I see that you were appointed under the CJA, and we appreciate your service in representing your client. Thank you. Case will be submitted.